JUAN ULLOA v. THE STATE.

No. 2999.   Decided February 11, 1914.

**1.—Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence, although conflicting, was sufficient to sustain a conviction, there was no error.

**2.—Same—Charge of Court—Punishment—Repetition.**

Where, upon trial of unlawfully carrying a pistol, the court, in defining the offense, told the jury what the penalty was and again called the jury's attention thereto in other portions of his charge, there was no error.

Appeal from the County Court of Hays. Tried below before the Hon. J. R. Wilhelm.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

His first contention is that the evidence does not show beyond a reasonable doubt that appellant had the pistol on the occasion mentioned by the witnesses for the State, Dionicio Evarra, Mary Garcia, Celestina Garcia, Ignacio Evarra and Miguel Cannona, all swear that appellant had a pistol, while appellant, Petra Ulloa, Nellie Evarra and Manuella Ulloa swear he did not have a pistol on that occasion. This was a question

of fact which was properly submitted to the jury for their determination, and we will not disturb their verdict; especially so, as the court gave the following special charge at the request of appellant: "That a reasonable doubt is that state of case, which after the entire comprehension and consideration of all of the evidence, leaves the minds of the jurors in that condition that they can not say they feel an abiding conviction, to a moral certainty, of the truth of the charge; and a reasonable doubt need not necessarily arise out of the evidence, it may be the result of a want of testimony sufficient to satisfy the mind; and unless you find that the defendant is guilty as charged in the information beyond a reasonable doubt, as herein defined, you will return a verdict of not guilty."

The only other exception to the charge as given is that, as the court in defining the offense told the jury what the penalty was for a violation of this law, and in submitting the issues to the jury instructed them also as to the penalty to be assessed in case they found appellant guilty, made the punishment too prominent. This has been so often decided adversely to appellant we do not deem it necessary to discuss it.

There are no exceptions to the admission of testimony, and this being the only exception to the charge as given the judgment is affirmed.

*Affirmed.*